[Civ. No. 62033. Second Dist., Div. Three. Sept. 23, 1982.]

PHOENIX INSURANCE COMPANY, Plaintiff and Respondent, v.
SUKUT CONSTRUCTION COMPANY, INC., et al.,
Defendants and Appellants.

674

## Counsel

Fenwick, Stone, Davis & West, Peter H. Strong, Kenneth G. Griffin, Waters, McCluskey & Corcoran and Gerald E. McCluskey for Defendants and Appellants.

Haight, Dickson, Brown & Bonesteel, Kim H. Collins and Roy G. Weatherup for Plaintiff and Respondent.

## Opinion

**KLEIN, P. J.**—Defendant and appellant Mission Insurance Company (Mission) appeals from the judgment in a declaratory relief action which holds it responsible for defending Attorney Arnold S. Malter and Arnold S. Malter, a professional corporation, (Malter) in the legal malpractice suit brought by Sukut Construction, and which holds plaintiff and respondent Phoenix Insurance Company (Phoenix) not liable for such defense.

Defendants Sukut Construction Company and Myron C. Sukut (Sukut) appeal only that portion of the judgment which relieves Phoenix of responsibility.

Because we find no error, we affirm the decision of the trial court.

### Procedural and Factual Background

In 1972 Malter executed a mechanics lien for its client, Sukut Construction. In November 1975 during a foreclosure action on the property subject to the mechanics lien, Sukut discovered that because of the narrow drafting, the lien might inadequately protect him. Sukut immediately notified Malter of the potential problem.

On December 9, 1975, Sukut and Malter met at the Marcus Restaurant, at which time and place Sukut asked Malter to work without pay to correct the problem with the lien. Malter agreed subject to three conditions. Because Sukut would not accept the conditions, Malter did nothing more on the case.

A professional liability insurance policy issued by Mission covered Malter from January 4, 1975, to January 4, 1976. Malter then changed insurance carriers and was insured from January 8, 1976, to January 8, 1977, by Phoenix Insurance Company.

On May 5, 1976, Sukut notified Malter by letter that he was holding him responsible for damages resulting from the defective lien. On August 16, 1976, Sukut filed a legal malpractice action. Phoenix, after reserving its rights, defended the action on Malter's behalf.

Phoenix brought this action seeking a declaration that it had no duty to defend or indemnify Malter in the legal malpractice case, and to determine whether either or both companies' insurance policies cover the Sukut suit which is still pending.

Phoenix contended its policy does not cover the action, because Malter knew or reasonably could have foreseen the Sukut action. As a condition precedent for coverage, the Phoenix policy requires that the insured "at the effective date of the insurance did not know or could not have reasonably foreseen that such acts or omissions might be expected to be the basis of a claim or suit."

Mission, whose policy covers "claims made" during the insurance period, urged that no "claim" was made until after the end of its policy period.

Final judgment holding that the Mission policy did cover the action and that the Phoenix policy did not was entered on July 14, 1980, and this appeal followed.

### ISSUES

This case presents two distinct issues. The first is whether the trial court erred in finding that the Phoenix policy did not give coverage because of failure of the condition precedent. The second is whether the trial court erred in finding that a claim had been made against Mission during the policy period.[1]

### DISCUSSION

#### The Phoenix Policy

Mission invites this court to find the phrase "might be expected to be the basis of a claim or suit" which is contained in section V of the Phoenix

---

[1] We reject Sukut's contention that the resolution of these issues are necessarily related. A lack of coverage by Phoenix does not require coverage by Mission; and vice versa. Each insurance policy must be evaluated as if no other insurance existed. (*Chamberlin* v. *Smith* (1977) 72 Cal.App.3d 835, 944-845 [140 Cal.Rptr. 493]; *Hartford Accident & Indem. Co.* v. *Civil Service Employees Ins. Co.* (1973) 33 Cal.App.3d 26, 31 [108 Cal.Rptr. 737].)

policy[2] is ambiguous so that this court may come to an independent decision regarding the satisfaction of this condition precedent to coverage. Because we find this phrase perfectly clear, no question of law exists. ■ Our task, therefore, is limited to deciding whether there was substantial evidence to support the trial court's factual determination that this condition was not met. (*Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183] (standard of review for issues of fact is substantial evidence).) We find that there is.

Malter was aware that the lien could prove inadequate unless the proper arguments were made at the foreclosure trial. More importantly, he knew that the client held him responsible for the lien's inadequacy since Sukut refused to give a liability waiver as a condition for Malter's work on the foreclosure case.

The trial court therefore did not err in denying coverage under the Phoenix policy.

### The Mission Policy

Coverage under the Mission policy depends on whether a claim was made during the time the policy was in force. Mission contends that no claim was made. We disagree.

■ A claim, both in its ordinary meaning, and in the interpretation given to it by other courts in similar circumstances (see *San Pedro Properties, Inc.* v. *Sayre & Toso, Inc.* (1962) 203 Cal.App.2d 750, 755 [21 Cal.Rptr. 844]; disapproved on other grounds *Gyler* v. *Mission Ins.* (1973) 10 Cal.3d 216 [110 Cal.Rptr. 139, 514 P.2d 1219]), is a demand for something as a right, or as due. A formal lawsuit is not required before a claim is made. (See *Williamson & Vollmer Engineering Inc.* v. *Sequoia Ins. Co.* (1976) 64 Cal.App.3d 261, 270 [134 Cal.Rptr. 427].)

Here a claim was made against Malter, when at the December 9, 1975, meeting, Sukut asked him to work for free to cure the problems created by the mechanics lien's inadequacies.

---

[2]"V. *Policy Period, Territory* This policy applies only to acts or omissions committed anywhere in the world (a) during the policy period, and/or (b) prior to the policy period if claim is made or suit is brought against the insured during the policy period and such insured at the effective date of the insurance did not know or could not have reasonably foreseen that such acts or omissions might be expected to be the basis of a claim or suit, provided that with respect to (a) and (b) foregoing the original suit for damages is brought within the United States of America . . . ."

This was not a request for an explanation as was the case in *Hoyt* v. *St. Paul Fire and Marine Ins. Co.* (9th Cir. 1979) 607 F.2d 864 (letter asking attorney to explain why he had client exercise a power of appointment held not to be a claim). Here further *actions,* not explanations were sought by the client. Nor was it a request for new services; it was a demand that Malter correct and complete work for which payment had already been made. That Sukut did not insist when Malter refused to render assistance does not change the fact that a claim was made.

Since the Mission policy was in force at the time of the meeting, Mission is responsible for defending the legal malpractice action and for any liability resulting from it.

## DISPOSITION

The judgment is affirmed.

Lui, J., and Danielson, J., concurred.