**UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation, Plaintiff,**

v.

**JOHNSON & LINDBERG, P.A., Dean K. Johnson and Michael C. Lindberg, Defendant and Third-Party Plaintiff,**

v.

**CIGNA INSURANCE COMPANY, formerly INA Underwriters Insurance Company, Third-Party Defendant.**

Civ. No. 4–85–99.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 19, 1985.

Robert E. Cattanach, and Jacqueline Shubatt, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for plaintiff.

J. Michael Dady, David Donna, and James P. McCarthy, Lindquist & Vennum, Minneapolis, Minn., for defendant and third-party plaintiff.

David Hashmall, Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, Minn., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff United States Life Insurance Company (USLI) brought this action against Johnson and Lindberg, P.A., Dean K. Johnson and Michael C. Lindberg (collectively Johnson and Lindberg), seeking a

declaratory judgment that USLI had no obligation or liability to the defendants Johnson and Lindberg under a professional liability insurance policy. USLI alleges that Johnson and Lindberg failed to disclose in their insurance application the existence of a potential claim, that the claim at issue arose from acts committed prior to the effective date of the policy, and that the claim arose out of fraudulent acts by Johnson and Lindberg.

Defendants Johnson and Lindberg counterclaimed against USLI for breach of contract, tortious infliction of emotional distress,[1] violation of Minnesota Unfair Claims Practices Act, and punitive damages. Defendants seek declaratory relief, expenses and attorneys fees for this litigation, and punitive damages.

Defendants and third-party plaintiffs Johnson and Lindberg also sued third party defendant CIGNA Insurance Co. (CIGNA) alleging, in the alternative to its counterclaim, that CIGNA was liable to them under a previous professional liability insurance policy and in a breach of contract. On this third-party claim, Johnson and Lindberg seek declaratory relief and expenses and attorneys fees for this litigation.

Plaintiff USLI crossclaimed against third-party defendant CIGNA, alleging that CIGNA was responsible for defending any suit against Johnson and Lindberg and claiming that USLI was contractually or equitably subrogated to Johnson and Lindberg's right to recover from CIGNA for any costs USLI incurred in their defense, that USLI was an excess insurer entitled to apportionment of the costs of defendant Johnson and Lindberg, or that CIGNA was liable to USLI in quantum meruit.

Jurisdiction is alleged under 28 U.S.C. § 1332(a). The matter is now before the court on USLI's motion to dismiss two counterclaims of defendants Johnson and Lindberg, on third-party defendant CIGNA's motion to dismiss the third-party complaint and USLI's crossclaim or, in the alternative, for judgment on the pleadings or summary judgment, and on the motion for

summary judgment of Johnson and Lindberg. Johnson and Lindberg seek dismissal of the complaint, a declaration of plaintiff's obligations to Johnson and Lindberg under the insurance policy, an order in their favor on their third-party complaint against CIGNA, and attorney's fees.

*Background*

This litigation should be the final chapter of the extensive litigation arising out of a fatal 1978 airplane crash. Trustees for the estates of the five airplane passengers brought a negligence action against the United States which the United States settled for almost four million dollars. On March 27, 1984, in a Memorandum Opinion and Order, this court apportioned the fault for the accident as follows: the United States 90% and the owner of the airplane, Southwest Aircraft Leasing, Inc. (Southwest) and the pilot 10%. Specifically, the court found the pilot's estate and Southwest liable to the United States for 10 percent of the settlement and the United States liable to Southwest for 90 percent of the value of the airplane. *Rauenhorst v. United States*, Civil No. 4–79–241; *Southwest Aircraft Leasing, Inc. v. United States*, Civil No. 4–79–562. Johnson and Lindberg represented Southwest's insurers in this litigation. No appeal was taken.

On August 14, 1984, the United States sought relief from judgment in the cases tried on the grounds of surprise, fraud and misrepresentation, and also brought an independent action for fraud. The new action sought more than fourteen million dollars in damages from attorneys and other parties involved in the investigation of the crash and the resulting litigation. *United States v. Southwest Aircraft Leasing*, Civil No. 4–84–864. The suit for damages alleged that defendants had wrongfully concealed a critical piece of evidence—a certain metal punch—which arguably provided the basis for an alternative theory of causation of the accident. Johnson and Lindberg were named as defendants in the independent action. This court subse-

---

**1.** Johnson and Lindberg's second counterclaim     was dismissed by stipulation of all parties.

quently denied the motion for relief from judgment and granted the defendants' motion for summary judgment in the fraud action. *Rauenhorst v. United States*, 104 F.R.D. 588 (D.Minn.1985). The issue now before the court is who should pay the expenses Johnson and Lindberg incurred in defending the fraud action instituted by the United States. The three parties to this litigation are the candidates for ultimate liability: two carriers of professional liability insurance and Johnson and Lindberg themselves.

USLI insured Johnson and Lindberg from August 1, 1984 through August 1, 1985, the period during which the United States commenced its suit, under a "claims made" policy which obligated USLI to pay for claims "first made against the insured and reported to the Company during the policy period, arising out of any act, error, or omission of the insured in rendering ... professional services...." Claims were excluded from coverage, however, if they arose out of "dishonest, fraudulent or malicious acts, errors, or omissions" or "acts, errors, or omissions occurring prior to the effective date of the ... policy ... if the insured on such date knew or could have reasonably foreseen that [they] might be expected to be the basis of a claim or suit."

CIGNA insured Johnson and Lindberg from August 1, 1982 until August 1, 1984, the period during which the United States apparently decided to commence suit, under a similar "claims made" policy. The CIGNA policy provided that the insured could purchase an "extended discovery period" by paying a substantial premium within thirty days of the termination of the policy. The extended discovery period permits the insured to continue coverage for claims made after the policy period but "arising out of acts, errors or omissions which took place prior to the end of the Policy period and which are otherwise covered by the Policy." An "awareness provision" stated that coverage would also be extended to claims made after the Policy period if, during the Policy or extended discovery period, the insured gave written notice to CIGNA of an act, error or omis-

sion which would reasonably be expected to give rise to a claim and a claim subsequently arose from the reported incident.

In June 1984, while the CIGNA policy was still in effect, Michael Lindberg of Johnson and Lindberg wrote to his client that he knew of "rumors" that the United States was contemplating a motion for relief from judgment in the cases that had been tried early in 1984. Johnson and Lindberg assert that the letter evidences no more than Lindberg's knowledge of that rumor. USLI asserts in pleadings that the letter also provides evidence that Johnson and Lindberg knew or should reasonably have known that the United States would proceed directly against Johnson and Lindberg. Although plaintiff has had extensive formal and informal discovery, it suggests no other evidence of defendants' alleged knowledge of the United States' plan to bring an independent action.

On August 7, 1984, Johnson and Lindberg completed an application for insurance with USLI. Johnson and Lindberg assert that USLI had previously been a client, that they had first discussed insurance coverage with USLI in 1983, and that the seemingly late filing of the application was the result of paperwork delays. USLI does not contest any of these assertions.

On August 14, 1985, the Department of Justice issued a press release announcing the commencement of litigation against Johnson and Lindberg and others. Johnson and Lindberg assert that they did not learn of or anticipate the direct litigation until that day. In several letters dated August 20 and August 21, Johnson and Lindberg notified USLI of the claim against them, tendered its defense, and notified USLI that they had hired counsel because liability exceeded policy limits and the United States sought punitive damages. USLI offered to pay a portion of their litigation expenses, subject to reservation of rights. Subsequently, either USLI withdrew its offer and refused tender of the defense or Johnson and Lindberg rejected

USLI's offer and demanded that it pay all of their attorney's fees.

At some time prior to November 21, 1984, USLI apparently requested that Johnson and Lindberg notify its prior insurance carrier of the claim against them. On November 21, 1984, Johnson and Lindberg wrote to CIGNA and gave notice of the litigation. On November 30, USLI denied coverage on the claim and commenced the litigation currently before the court. On December 5, 1984, CIGNA denied liability on the claim. In February 1985 this court granted the motion of defendants, including Johnson and Lindberg, for summary judgment in the case brought by the United States.

*Discussion*

I. *The Motions for Summary Judgment*

In passing upon a motion for summary judgment, the court must view the facts in the light most favorable to the opposing party; the movant has the burden of establishing that no genuine issue of material fact exists and that the case may be decided as a matter of law. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983); *Ralph's Distributing Co. v. AMF, Inc.*, 667 F.2d 670 (8th Cir.1981). The opposing party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076 (8th Cir.1980). The opposing party may not, however, merely rest upon allegations or denials of the party's pleadings, but must set forth specific facts showing that a genuine issue for trial exists. *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981).

A. *USLI's Liability to Johnson and Lindberg*

■ Defendants Johnson and Lindberg seek summary determination of USLI's duty to provide and pay for their defense in the United State's fraud action.[2] Plaintiff asserts three apparently independent and complete defenses to such liability.

It is a well-established principle of Minnesota law that an insurer's duty to defend the insured is broader than its duty to pay a judgment rendered against the insured. *E.g., Brown v. State Automobile & Casualty Underwriters*, 293 N.W.2d 822, 825 (Minn.1980). *See also United States Fidelity and Guaranty Co. v. Louis A. Roser Co.*, 585 F.2d 932, 936 (8th Cir.1978). If even part of a claim is arguably within the policy's coverage, the insurer is obligated to defend. *Prahm v. Rupp Construction Co.*, 277 N.W.2d 389, 390 (Minn.1979). In such situations, the cost of defense is not apportioned, but is borne entirely by the insurer. *Jostens, Inc. v. CNA Insurance, Continental Casualty Co.*, 336 N.W.2d 544, 545 (Minn.1983). An insurer who refuses to defend the insured carries the heavy burden of demonstrating that all parts of the claim fall clearly outside the scope of policy coverage. *Grain Dealers Mutual Insurance Co. v. Cady*, 318 N.W.2d 247, 251 (Minn.1982).

USLI's first defense to liability is that the policy is void because defendants' insurance application contained fraudulent and material misrepresentations. Specifically, USLI asserts that they failed to report awareness "of the possibility that the United States was contemplating a claim of some nature based on Johnson and Lindberg's failure to disclose evidence." The USLI policy application asked whether Johnson and Lindberg were aware of "any act, error or omission which might reasonably be expected to be the basis of a claim or suit."

The parties agree that Johnson and Lindberg had heard rumors that the United States would seek to reopen the plane crash judgment. For the purpose of defendants' motion for summary judgment, the court accepts plaintiff's assertions that

---

**2.** Plaintiff asserts that defendants improperly seek reimbursement for costs and legal fees expended in resisting the motion of the United States pursuant to Fed.R.Civ.P. 60(b). Defendants deny that they have ever sought such payment. It is clear from the pleadings that defendants do not seek such payments in this litigation. Counsel indicated they may be able to apportion costs of the motion to reopen and the new action after this court rules.

Johnson and Lindberg knew that the United States would seek to reopen that litigation. The parties also agree that USLI is not liable to Johnson and Lindberg for costs and attorney's fees incurred in defending the motion to reopen. Finally, the parties agree that Johnson and Lindberg could not reasonably have anticipated the United States' suit directly against Johnson and Lindberg. At oral argument, plaintiff's counsel conceded that "the direct action against Johnson and Lindberg was ... an unusual lawsuit." Counsel went on to say that USLI did not assert that Johnson and Lindberg "should have known that was going to happen, but ... by their own admission, they knew something was going on and they should have told [USLI] because, as it turned out, on exactly what they knew was going on, they got sued."

The only remaining question on Johnson and Lindberg's first defense is whether, as plaintiff asserts, Johnson and Lindberg should have reported the anticipated motion to reopen even though they could not have reasonably anticipated the independent claim against them. Inasmuch as the parties agree that the costs of defending the motion to reopen are not covered by the insurance contract, the court fails to see why Johnson and Lindberg should have reported the *Southwest* case as one which, in the language of the insurance application, "might reasonably be expected to be the basis of a claim or suit" against Johnson and Lindberg. Plaintiff has failed to allege facts sufficient to make a prima facie case that Johnson and Lindberg made misrepresentations "with intent to deceive and defraud, or ... misrepresent[ ] ... the risk of loss." *Minn.Stat.* § 60A.08 subd. 9 (requirement for voiding policy on grounds of misrepresentation).

As a second defense, plaintiff alleges that an express exclusion to policy cover-

age applies because the United States' claim arose out of an act, error, or omission which occurred prior to the policy period and which Johnson and Lindberg knew or could reasonably have foreseen might be the basis of a claim or suit. Inasmuch as USLI has conceded that Johnson and Lindberg could not reasonably have anticipated the fraud claim against them, this defense does not merit further discussion.

■ Finally, plaintiff alleges that another express coverage exclusion applies because the claim arose out of "dishonest, fraudulent or malicious acts, errors, or omissions.... committed with actual dishonest, fraudulent, or malicious purpose or intent." In its initial pleadings, USLI argued:

> In the event that the United States successfully proves its allegation that Johnson & Lindberg fraudulently failed to disclose the existence of the punch as part of the wreckage, such failure would be an intentional dishonest, fraudulent or malicious act or omission by Johnson & Lindberg. Such acts are excluded from coverage under USLI's policy.

The United States failed to prove its allegation; this court granted summary judgment to Johnson and Lindberg. USLI now appears to argue that it should be permitted to deny coverage to Johnson and Lindberg because the United States fraud claim was "not frivolous or unreasonable," and USLI's "denial of coverage under the facts available prior to [the court's] findings was, and remains, reasonable."

The USLI contract excludes coverage of claims arising out of "dishonest, fraudulent or malicious acts, errors, or omissions ... committed with *actual* dishonest, fraudulent, or malicious purpose or intent." (emphasis added). The court finds this contract provision unambiguous.[3] USLI may not rely on it in the face of a mere allega-

---

3. Whether the policy language is ambiguous is a question of law. *Columbia Heights Motors, Inc. v. Allstate Insurance Co.*, 275 N.W.2d 32, 36 (Minn.1979). The court must give the contract language its plain meaning if it is unambiguous. *Firemen's Insurance Fund of Newark v. Viktora*, 318 N.W.2d 704, 706 (Minn.1982). Where the language is ambiguous, however, the court must construe the policy against the insurer and in favor of the insured. *E.g., Columbia Heights Motors*, 275 N.W.2d at 36. Thus the result in this case would be the same if the court found the pertinent exclusion ambiguous.

tion of fraud, even a reasonable and non-frivolous allegation, but only where there is *actual* fraud. Plaintiff has not asserted facts sufficient for a showing of actual fraud, nor does plaintiff suggest that it could do so.

Plaintiff USLI has failed to set forth facts sufficient to show a genuine issue of material fact as to its liability under its insurance policy with defendants Johnson and Lindberg. Accordingly, defendants are entitled to summary judgment declaring USLI's obligation to defend Johnson and Lindberg in *United States v. Southwest Aircraft Leasing, Inc.*, Civil No. 4–84–864 and dismissing plaintiff's complaint in its entirety.

### B. CIGNA's Liability to Johnson and Lindberg

■ CIGNA, asserting that it has no liability to Johnson and Lindberg and thus no liability to USLI, seeks summary judgment[4] on their third-party claims and crossclaims. Johnson and Lindberg seeks summary determination of CIGNA's duty to defend them in the fraud action and awarding costs and attorney's fees incurred in this litigation. USLI asserts that CIGNA is partially or entirely responsible for the defense of the suit against Johnson and Lindberg and therefore liable to USLI, under various theories, for any costs USLI would incur in Johnson and Lindberg's defense.

The claims that CIGNA is liable for the defense of Johnson and Lindberg rest almost entirely on *Reliance Insurance Co. v. St. Paul Insurance Cos.*, 307 Minn. 338, 239 N.W.2d 922 (1976).[5] *Reliance* presents a fact pattern superficially similar to the one before this court: an attorney was sued for malpractice in 1971 for acts and omissions which took place in or before 1968. One insurer had provided profes-

sional liability coverage for the period in which the alleged malpractice occurred; the other for the period in which the suit was in fact brought. In *Reliance*, however, the attorney failed to notify either insurer until he received notice of default proceedings, eighteen months after service of the complaint. Stressing the absence of any showing of prejudice, the court held that the insurers were obligated to afford coverage under their contracts in spite of the extreme delay. USLI and Johnson and Lindberg cite *Reliance* for the broad proposition that "time limit provisions in a policy ... cannot be invoked by the insurer to defeat liability" unless the insurer can prove actual prejudice.

This court agrees with CIGNA that *Reliance* must be read less expansively to apply only to notification time limitations. In *Reliance*, the earlier insurer had issued an "occurrence" policy, which provided coverage for claims arising from acts or omissions which occurred during the policy period, regardless of whether the claims were made during that period. Thus, both policies covered the claim when it was asserted in 1971. The only defense to the claim was the insured's belated notification of the insurers. In the instant case, the claim against Johnson and Lindberg did not arise during the policy period. CIGNA argues that neither the "extended discovery period" nor the "awareness provision" brings Johnson and Lindberg's claim within the CIGNA policy's coverage.

The "extended discovery period" provision provides that the insured

shall have the right upon payment of an additional premium within thirty (30) days of the termination [of the policy], to have issued an endorsement providing an unlimited extended discovery period covering claims first reported during the

---

4. The parties have submitted and the court has considered matters outside the pleadings, the court therefore treats CIGNA's motion as one for summary judgment. Fed.R.Civ.P. 12(b)(6) and 12(c).

5. USLI also invokes *Phoenix Insurance Co. v. Sukut Construction Co.*, 136 Cal.App.3d 673, 186

Cal.Rptr. 513 (1982). Although *Phoenix*, like the case at bar, involved two "claims made" insurance policies, it is inapposite. The *Phoenix* court found that the claim against the insured was made, and the insured made aware of it, during the first insurance policy period.

extended discovery period arising out of act, errors or omissions which took place prior to the end of the Policy period, and which are otherwise covered by the Policy. The premium shall be equal to 225% of the Named Insured's last annual premium.

Johnson and Lindberg, citing *Reliance,* argue that they should be permitted to purchase this extended discovery period after the thirty days have run and thus obtain CIGNA's coverage. The thirty day provision in this clause is qualitatively different from the time provisions at issue in *Reliance.* If a former insured could purchase the extended discovery period at any time, there would be no incentive whatsoever for doing so within the thirty day period. The balance of risks represented by such a provision—the insureds' risk that they are needlessly paying a large premium and the insurer's risk that it will incur liabilities many months or years later—is eliminated and the entire risk placed on the insurer. This court finds that *Reliance* does not justify the imposition of such a burden on insurers.

The "awareness provision" provides:

If, during the Policy period or the extended discovery period, the Company shall be given written notice of any act, error or omission which could reasonably expected to give rise to a claim against the insured under this Policy, any claim which subsequently arises out of such act, error or omission shall be considered to be a claim made during the Policy period or extended discovery period in which the written notice was received.

Johnson and Lindberg and CIGNA agree, and USLI has conceded, that Johnson and Lindberg were not aware and could not reasonably have expected that their conduct of the air crash litigation would give rise to a claim against them. Accordingly, the "awareness provision" also fails to bring the Johnson and Lindberg claim within CIGNA's policy.

CIGNA's liability to Johnson and Lindberg is a necessary element for USLI's crossclaims and the third-party claim against for attorney's fees and costs. In the absence of any genuine issue of material fact as to CIGNA's liability to Johnson and Lindberg, CIGNA is entitled to summary judgment on all crossclaims and third-party claims in this litigation.

*C. USLI's Liability for Costs and Attorney's Fees*

■ Johnson and Lindberg assert that they are entitled, as a matter of law, to reasonable costs and attorney's fees incurred in this litigation. Plaintiff does not object to this assertion. The Minnesota Supreme Court has recognized a limited exception to the general rule that attorney's fees are allowed only when authorized by statute or provided for in contract. *Lanoue v. Fireman's Fund of American Insurance Cos.,* 278 N.W.2d 49, 54 (Minn. 1979). Attorney fees "incurred in an attempt to force the insurer to provide indemnification, including the costs of the appeal, may be recovered if the insured is successful on the issue of breach of the duty to indemnify and if he defended the main action itself." *Brown v. State Automobile & Casualty Underwriters,* 293 N.W.2d 822, 825 (Minn.1980) (citations omitted). The Minnesota Supreme Court has clearly stated that "where an insurance contract is intended to relieve the insured of the financial burden of litigation, the insured will not be required to pay the litigation costs of forcing the insurer to assure that burden." *Lanoue,* 278 N.W.2d at 50.

The present case is squarely within the exception defined by the Minnesota Supreme Court. USLI improperly refused to defend Johnson and Lindberg against the United States suit. As a result of this breach of contract, Johnson and Lindberg were forced to defend themselves in that litigation and in this litigation. As a matter of law, Johnson and Lindberg are entitled to recover reasonable costs and attorney's fees incurred in this litigation; summary judgment on this issue is appropriate.

*II. The Motions to Dismiss*

*A. Minnesota Unfair Claims Practices Act*

■ Defendants Johnson and Lindberg seek damages for USLI's "unfair, decep-

tive, and fraudulent acts" in violation of the Minnesota Unfair Claims Practices Act (the Act), *Minn.Stat.* § 72A.20, subds. 12 and 12a (1984). USLI seeks dismissal, asserting that no private cause of action exists under the Act and that Johnson and Lindberg has failed to make a prima facie showing of the "general business practice" required by subd. 12.

Since this litigation began, the Minnesota Court of Appeals has held that *Minn.Stat.* § 8.31 subd. 3a (1984) creates a private cause of action for violations of *Minn.Stat.* § 72A.20, subd. 12 (1984); *Morris v. American Family Mutual Insurance Company,* 371 N.W.2d 620 (1985). The Court of Appeals stressed that the party asserting violation of the Act must show that "the insurer's violation of subdivision 12 was a general business practice as opposed to an inadvertent occurrence." *Id. Cf. Minn. Stat.* § 72A.20, subd. 12a (1984) ("No individual violation constitutes an unfair, discriminatory, or unlawful practice in business, commerce, or trade for purposes of section 8.31.")

Defendants neither demonstrate nor suggest that USLI has engaged in any "unfair, deceptive, [or] fraudulent act" in addition to the one allegedly committed against them. In the absence of any facts tending to show a "general business practice," USLI is entitled to the dismissal of count III of defendant's counterclaim.

*B. Punitive Damages*

■ Defendants Johnson and Lindberg seek punitive damages for USLI's "willful, wanton or reckless disregard" of their rights. The parties agree that "[p]unitive damages are not recoverable for breach of contract except in exceptional cases where the breach of contract constitutes or is accompanied by an independent, willful tort." *Olson v. Rugloski,* 277 N.W.2d 385, 388 (Minn.1979). Defendants originally alleged commission of two independent torts, but defendants' counterclaim for intentional infliction of emotional distress has been dismissed by stipulation, and the court today dismisses defendants' claim under the Unfair Claims Practices Act. Defendants have not alleged facts sufficient to constitute the commission of any other "independent, willful tort." *See Wilson v. Colonial Penn Life Insurance Co.,* 454 F.Supp. 1208, 1213–14 (D.Minn.1978) (where party's tort claims were dismissed, party was not entitled to punitive damages; bad faith motive in breaching insurance contract does not convert contract action into action sounding in tort).

## ORDER

Accordingly, based on the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. The motion of United States Liability Insurance Company to dismiss counts III and IV of defendants' counterclaim is granted, and they are dismissed.

2. The motion of CIGNA Insurance company for a summary judgment on all third-party claims and crossclaims in this litigation is granted, and they are dismissed.

3. Defendants' motion for partial summary judgment dismissing plaintiff's complaint in its entirety is granted, and it is dismissed.

4. Defendants' motion for summary judgment on its counterclaim that USLI is obligated to pay for their defense in *United States v. Southwest Aircraft Leasing,* Civil No. 4–84–864, and for costs and attorney's fees incurred in this litigation is granted.

5. Defendants' motion for summary judgment declaring that third-party defendant is obligated to pay their defense in Civil No. 4–84–864 and for costs and attorney's fees in this litigation is denied, and these claims are dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.