STATE EX REL. LONG v. BEACON INS. CO.

[103 N.C. App. 144 (1991)]

STATE OF NORTH CAROLINA EX REL. JAMES LONG, COMMISSIONER OF INSURANCE OF NORTH CAROLINA, PETITIONER v. BEACON INSURANCE COMPANY, RESPONDENT; CLAIM NO. 29101; CLAIMANT: PRECISION CHIPPER CORPORATION

No. 9010SC126

(Filed 4 June 1991)

1. **Insurance § 3 (NCI3d) — products liability policy — coverage — claims made basis**

    The trial court did not err in an action to determine insurance coverage by concluding that a products liability policy had been issued on a claims made basis and that no oral or written representation by any person converted this to occurrence basis coverage where there was a conflict in the testimony and the court's findings were supported by substantial evidence.

    **Am Jur 2d, Insurance § 728.**

    **Event as occurring within period of coverage of "occurrence" and "discovery" or "claims made" liability policies. 37 ALR4th 382.**

2. **Insurance § 3 (NCI3d) — products liability insurance — action to determine coverage — claimant bound by agent's knowledge — Alabama law**

    The trial court did not err in an action to determine insurance coverage by concluding that the claimant was bound by its insurance agent's knowledge that the policy was written as a claims made policy. Under Alabama law, which governed the action, an independent insurance agent who places coverage with various companies is a broker and not an agent of the insurance company.

    **Am Jur 2d, Insurance §§ 110, 111, 113, 1583, 1600.**

3. **Insurance § 3 (NCI3d) — products liability insurance — claims made policy — claim outside policy**

    The trial court did not err in an action to determine insurance coverage by determining that the claimant's 1985 lawsuit was outside the policy period and not covered by a 1983 claims made policy even though the incident was reported to the insurer during the 1983 policy year. Notice of an inci-

dent is not the same as making a claim; a claim is made only
when an affirmative demand for payment is made.

**Am Jur 2d, Insurance §§ 728, 1323 et seq.**

**Products liability insurance. 45 ALR2d 994.**

APPEAL by claimant Precision Chipper Corporation from order
entered 15 August 1989 by *Judge Hamilton H. Hobgood* in WAKE
County Superior Court. Heard in the Court of Appeals 30 August
1990.

Precision Chipper Corporation ("Precision") sought a deter-
mination of the validity and amount of its claim for coverage under
a products liability insurance policy purchased in 1983 from Beacon
Insurance Company ("Beacon"), an insolvent insurance company
which had been placed in judicially ordered rehabilitation pursuant
to the provisions of Article 17A of Chapter 58 of the North Carolina
General Statutes (repealed by Session Laws 1989, c. 452, but due
to simultaneous enactment and subsequent recodification similar
provisions are now contained in Article 30 of Chapter 58). Preci-
sion's claim arises from a pending products liability action brought
in April of 1985 against it in Texas by the widow and minor child
of Rubin Anson Cox, Jr., who was killed on 21 November 1983
in an accident involving an industrial wood chipping machine manufac-
tured by Precision. Beacon's rehabilitator denied coverage on the
ground that the insurance policy in effect at the time of the accident
was written on a "claims made" basis and that no claim was made
until after the policy had expired. The policy was negotiated, pur-
chased, written and issued in Alabama for an Alabama insured
and the parties agree that its meaning and effect is governed by
the law of Alabama. By order of the Superior Court of Wake Coun-
ty, stipulated and agreed to by the parties, the documents, pro-
ceedings and all other information identified as confidential by the
parties were ordered sealed. The court denied Precision's claim
and its motion for continued confidentiality on appeal was initially
denied by this Court, but on *certiorari* to our Supreme Court,
the order of confidentiality was ordered to "remain in full force
and effect throughout any appellate proceedings in this matter."

The facts found by the trial court which are pertinent to the
several questions presented follow: In the fall of 1981 Bob Smith,
president of Precision, contacted David Bates of Bates Insurance
Agency, Inc. ("Bates"), an insurance retailer, seeking "occurrence

basis" products liability insurance coverage, but was informed by Bates that only "claims made" coverage was available. Bates approached Charles Garrison, a vice president of E & S Facilities, Inc. ("E & S"), a wholesaler of surplus and excess insurance, to obtain coverage for Precision. E & S had authority to accept risks, set rates and write policies for various insurers, including Beacon, as it was Beacon's managing general agent and representative in Alabama. Precision was provided with products liability insurance coverage written by Beacon on a claims made basis for the period from 1 January 1982 to 1 January 1983. The policy specifically excluded coverage for any machine manufactured prior to 1 January 1982 and is not involved in this appeal. A renewal policy was issued covering the period from 29 December 1982 to 29 December 1983 on exactly the same basis except that the $10,000 deductible was rewritten to include attorneys' fees. On 3 January 1983 Precision obtained a proposal from Trammell-Harper & Associates, Inc., a competitor of Bates, for occurrence basis products liability coverage. In early January, 1983 Bob Smith showed the proposal to Bates' representatives and told them that unless they could provide occurrence coverage to match the proposal, Smith would accept the proposal and move all of Precision's insurance business to Trammell-Harper. Bates' representatives met with Charles Garrison to determine if E & S could provide the same coverage as the competing proposal, Garrison indicated that he would match the proposal, and Bates so informed Precision. A few days after the meeting between Bates and E & S, E & S issued a claims made policy covering all equipment ever manufactured by Precision. Bates notified Garrison of the discrepancy and Garrison said that he would fix the problem with endorsements to the policy. Bates received the endorsements on 18 January 1983, but they did not change the policy's type of coverage, and the next day Bates issued Precision a written "insurance binder" indicating that Precision had coverage on an occurrence basis with Beacon. On 28 January 1983 Bates sent Precision a letter stating: "Both policies [primary and secondary] are now written on an occurrence basis," and sent a copy of the same to Garrison at E & S. Precision never received a copy of the policy. The agency relationship between Beacon and E & S (and therefore the authority of E & S to accept risks, set rates, and write new policies) was terminated effective 1 January 1983. The accident involving Rubin Anson Cox, Jr. occurred on 21 November 1983. The next day, Precision gave Bates notification of the accident, which was forwarded to E & S and Beacon. Beacon

received no further notification or demand about the Cox matter before suit was filed in April, 1985. No coverage was provided by Beacon for Precision after 29 December 1983. Bates obtained occurrence basis products liability coverage for Precision from another insurance wholesaler for the 1984 policy year.

*No brief filed for petitioner appellee.*

*Johnson, Gamble, Mercer, Hearn & Vinegar, by M. Blen Gee, Jr., for respondent appellee, the rehabilitator of Beacon Insurance Company.*

*Bradley, Arant, Rose & White, Birmingham, Alabama, by Michael R. Pennington; and Smith, Helms, Mulliss & Moore, by Richard W. Ellis and David C. Keesler, for claimant appellant Precision Chipper Corporation.*

PHILLIPS, Judge.

[1]   The first question for determination is whether the court erred in concluding that Beacon issued the 1983 policy to Precision on a claims made basis and that no oral or written representations by any person converted this to occurrence basis coverage. Precision argues that it was never notified that the agency relationship between E & S and Beacon was terminated and that E & S, as managing general agent for Beacon, orally created a valid and enforceable contract between Precision and Beacon for occurrence basis products liability insurance. There is, however, a conflict between the testimony of Bates' employees and Garrison of E & S as to whether Garrison orally promised to provide occurrence basis coverage or that he had the authority to even write such coverage. The trial judge, accepting the testimony of Garrison (that he did not orally promise occurrence basis coverage) over that of Bates' employees (that Garrison did), found that the policy was written on a claims made basis, *Knutton v. Cofield*, 273 N.C. 355, 160 S.E.2d 29 (1968), and since the findings are supported by substantial evidence, they are conclusive. *Davison v. Duke University*, 282 N.C. 676, 194 S.E.2d 761 (1973). The written endorsements to the policy further support the trial court's finding that Garrison only broadened Precision's coverage but never changed it to occurrence basis.

[2]   The second question presented is whether the trial court erred in concluding that Precision was bound by Bates' knowledge that

the 1983 policy as written was a claims made policy. Precision argues that the 1983 policy was never delivered to it and therefore Precision is not bound by the terms of the policy; but delivery to Bates, the agent for Precision, was sufficient to bind Precision. Under Alabama law, an independent insurance agent who places coverage with various companies is a "broker" and not an agent of the insurance company. *Northington v. Dairyland Insurance Co.*, 445 So.2d 283 (Ala. 1984). Where the broker is the agent of the insured, the insured is bound by the acts of the broker within the scope of his authority as in the case of any other agent. And where a broker, employed by an insured to procure insurance, receives, reads and accepts a policy, the broker's knowledge is imputable to the insured, 3 G. Couch, *Couch on Insurance 2d* Sec. 25:99 (1984), as is the failure of a broker to ascertain that a policy did not contain the provisions requested. 16C J. Appleman, *Insurance Law and Practice* Sec. 9145 (1981). Sec. 27-7-1(a)(2) of the Alabama Insurance Code further provides that: "Brokers cannot bind the insurer and all business produced must be countersigned by a resident agent of the insurer accepting the risk." The document which Bates forwarded to Precision was not countersigned by an agent of Beacon. Precision also argues that Garrison of E & S orally promised to procure occurrence basis coverage, but even if it did so, and the court found otherwise, neither Beacon nor any other insurer that E & S obtained policies from would be bound thereby for the reasons already stated. 4 G. Couch, *Couch on Insurance 2d* Sec. 26A:25 (1984).

[3] Precision next contends that the trial court erred in determining that the Cox lawsuit filed in April, 1985 was outside the policy period and not covered by the 1983 claims made policy. The thrust of the argument is that the incident was reported to Beacon within the 1983 policy year, Beacon hired an investigator to investigate it during the policy period, and Beacon's own internal documents show that Beacon recognized during the policy period that "[s]hould there be any liability in this case, it very well could exceed our $500,000 limit." But notice of an incident that can give rise to a claim for damages is not the same thing as making a claim. A "claim" is "made," so it has generally been held, only when an affirmative demand for recompense or payment is made, *Katz Drug Co. v. Commercial Standard Insurance Co.*, 647 S.W.2d 831 (Mo. App. 1983); *Phoenix Insurance Co. v. Sukut Construction Co., Inc.*, 136 Cal. App. 3d 673, 186 Cal. Rptr. 513 (1982), and the first

demand for relief in connection with the incident reported was in the lawsuit filed after the policy period expired. A demand for relief, if sufficient to constitute a claim, does not have to be in the form of a lawsuit. Although the Alabama courts apparently have not determined this precise issue, it seems likely that they would reach the same result, as the Alabama Supreme Court in *Langley v. Mutual Fire, Marine and Inland Insurance Co.*, 512 So.2d 752 (Ala. 1987), *overruled on other grounds, Hickox v. Stover*, 551 So.2d 259 (Ala. 1989), implied that notice of an incident from which liability could arise was not the triggering event under a claims made policy.

In view of our holding that the Cox lawsuit was not covered by Beacon's policy, Precision's remaining contention that the trial court erred in evaluating the Cox claim is immaterial to the appeal and we will not discuss it.

Affirmed.

Judges JOHNSON and PARKER concur.