ROYCE INTERNATIONAL BROAD-
CASTING CORPORATION, a Califor-
nia Corporation; Edward Stolz, an in-
dividual, Plaintiffs—Appellants,

v.

VIGILANT INSURANCE COMPANY,
a California Corporation,
Defendant—Appellee.

No. 01–56962.

D.C. No. CV 01–1666–NMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 15, 2002.

Before PREGERSON, NOONAN, and
TASHIMA, Circuit Judges.

MEMORANDUM *

Royce International Broadcasting Cor-
poration and Edward Stolz (together,
"Royce") appeal from the district court's
grant of summary judgment in favor of
defendant Vigilant Insurance Company
("Vigilant") on Royce's claim that Vigilant
had the duty to defend it in a breach of
contract action. Royce contends that the
district court erred in holding that there
was no potential for coverage in the under-
lying dispute in which Entercom Corpora-
tion ("Entercom") sued Royce for failing to
follow through with the sale of a radio
station. We have jurisdiction pursuant to
28 U.S.C. § 1291, and we affirm.

Royce contends that the property
damage in this case could have occurred

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Cir. R. 36–3.

without intent to cause any harm, but recent cases make clear that in determining whether conduct is "accidental" it is irrelevant whether the insured expected or intended the conduct to cause harm. *See Quan v. Truck Ins. Exch.*, 67 Cal.App.4th 583, 79 Cal.Rptr.2d 134, 141 (Ct.App.1998) ("[T]he insured's [purposeful sexual] conduct alleged to have given rise to claimant's injuries is necessarily nonaccidental, not because any 'harm' was intended, but simply because the conduct could not be engaged in by 'accident.' "). Similar to voluntary sexual conduct with unintended consequences, the negotiations for the sale of a radio station at issue here "could not be engaged in by 'accident.' " *Id.; see also Stein–Brief Group, Inc. v. Home Indem. Co.*, 65 Cal.App.4th 364, 76 Cal. Rptr.2d 3, 8 (Ct.App.1998) ("[N]onaccidental acts arising out of a breach of contract do not constitute an 'occurrence' within the meaning of a CGL policy."). Because Royce is unable to meet its burden of establishing that the property damage arose out of an "occurrence" as defined by the Vigilant policy, the district court properly granted summary judgment in favor of defendant on Royce's property damage claim.

Royce also contends that Vigilant had a duty to defend it in the Entercom action because the facts extrinsic to Entercom's complaint potentially give rise to a covered cause of action for slander or libel under the "personal injury" provision of the Vigilant policy. In California, however, once the plaintiff in the underlying action knowingly foregoes the opportunity to plead a particular claim, the underlying claim no longer raises a potential for liability covered by the policy. *See Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 971–72 (9th Cir.1994); *Simply Fresh Fruit, Inc. v. Continental Ins. Co.*, 94 F.3d 1219, 1222 (9th Cir.1996).

Although Royce could have been sued for slander or libel, no potential liability flowed from the press release because Entercom elected not to make that claim. Entercom filed its first amended complaint in December 1999, three months after the filing of the press release. Thus, the amended complaint "conspicuously and carefully omits to allege any wrongdoing" with respect to Royce's press release. *Microtec*, 40 F.3d at 971. Moreover, Royce's attempt to distinguish *Microtec* on the ground that here Entercom specifically said it was going to bring a defamation claim is unavailing. The Ninth Circuit cases construing California law turn on whether the underlying plaintiff *could* have made the claim but did not do so. *See id.* ("Green Hills *elected* not to make that claim.... Green Hills *chose* not to sue Microtec for the advertisements.") (emphasis added).

Royce's final contention is that because the policy required Vigilant to defend "claims" as well as "suits," Vigilant had a duty to defend Royce regardless of whether the underlying complaint was actually amended to include a cause of action for defamation because Entercom's own statement to the press threatening to sue Royce was a claim. California courts, however, limit the term "claim" to "demand[s] for something as a right, or as due." *Phoenix Ins. Co. v. Sukut Constr. Co., Inc.*, 136 Cal.App.3d 673, 186 Cal.Rptr. 513, 515 (Ct.App.1982); *see also Safeco Surplus Lines Co. v. Employer's Reinsurance Corp.*, 11 Cal.App.4th 1403, 15 Cal. Rptr.2d 58, 60 (Ct.App.1992). Royce provides no evidence that Entercom demanded payment or services for Royce's alleged "defamatory" remarks, or that it submitted a written claim for libel or slander.

Because there is no potential for coverage under the Vigilant policy, the district court did not err in granting summary

judgment in favor of Vigilant. The judgment is

AFFIRMED.