**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALORICA, INC., a California corporation, | No.    20-55458 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-00690-JVS-KES |
| v. | |
| STARR SURPLUS LINES INSURANCE COMPANY, a Texas Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 6, 2021**
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Alorica, Inc. argues that a letter from Express Scripts to Alorica dated

September 25, 2018, constitutes a "claim" against Alorica under the terms of

Alorica's insurance policy with Starr Surplus Lines Insurance Company.  The

---

         *         This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

         **         The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court rejected that argument and granted summary judgment to Starr. We affirm.

In relevant part, the policy defines a "claim" as a "written demand for monetary or non-monetary relief." Express Scripts' letter does not fall within that definition. The letter rejects *Alorica's* demand for $4.8 million. A refusal to accept a demand is not itself a demand; it is only a refusal. Express Scripts' letter does not ask Alorica to do anything at all. Quite the opposite: The letter declares Express Scripts' unconditional willingness to "cooperate reasonably in any investigation" into the underlying computer fraud, and to pay Alorica $56,791, with no consideration from Alorica expected or requested.

Alorica characterizes Express Scripts' refusal to pay as a request that Alorica forgive a debt, and argues that Express Scripts' letter therefore constitutes a "demand for monetary relief." But the letter could be characterized as a request to forgive a debt only if Express Scripts in fact owed a debt in the first place. Express Scripts denies that it owes Alorica $4.8 million, and indeed Alorica has made no further effort to collect this money.

In each of the cases on which Alorica relies, a "demand" or "claim" arose when someone asked the insured party for money or to work for free. *See, e.g.*, *Westrec Marina Mgmt., Inc. v. Arrowood Indem. Co.*, 78 Cal. Rptr. 3d 264, 268 (Ct. App. 2008) ("The attorney's request for compensation while threatening

litigation was a 'demand[.]'"); *Phoenix Ins. Co. v. Sukut Constr. Co.*, 186 Cal. Rptr. 513, 514 (Ct. App. 1982) ("Sukut asked Malter to work without pay to correct the problem with the lien."); *Presidio Wealth Mgmt., LLC v. Columbia Cas. Co.*, 2014 WL 1341696, at \*1 (N.D. Cal. Apr. 3, 2014) (holding that investors' "demand[] that Presidio return their funds . . . constituted a claim"). Alorica cites no case in which the refusal of another's demand, without more, has been held to constitute a demand. Accordingly, we agree with the district court that Express Scripts' letter was not a "claim" under the insurance policy with Starr.[1]

**AFFIRMED.**

---

[1] As we affirm based on the meaning of "claim," we do not address the parties' arguments regarding whether there was a "security failure" or Starr's alternative grounds for affirmance.