[No. A071349. First Dist., Div. Two. July 2, 1996.]

CHININ TANA, Plaintiff and Appellant, v.
PROFESSIONALS PROTOTYPE I INSURANCE COMPANY LIMITED
et al., Defendants and Respondents.

## COUNSEL

Pillsbury, Madison & Sutro, Shawn Hanson, Warren H. Nelson, Jr., and Michael A. Conley for Plaintiff and Appellant.

Long & Levit, Ronald E. Mallen and Sherri J. Conrad for Defendant and Respondent.

## OPINION

**LAMBDEN, J.**—Appellant Chinin Tana appeals from a summary judgment in favor of respondent Professionals Prototype I Insurance Company Limited (Prototype) on Tana's action seeking a judicial declaration that Prototype had a duty to defend him under the terms of his malpractice insurance policy in an action brought by his former client. We agree with the lower court's

conclusion that Prototype owed no duty to defend Tana because the claim involved only a fee dispute which was clearly outside the scope of his policy.

## BACKGROUND

Tana is a practicing attorney. In 1984, Jozo Sugihara retained Tana to represent him in a dispute with Kikkoman Corporation and Kikkoman International, Inc. (Kikkoman). Sugihara also agreed to retain Attorney Richard Glickman[1] to assist Tana as cocounsel.

In December 1989, Kikkoman agreed to settle the case by making payments to Sugihara having a total discounted value of about $7.6 million. Before the first settlement payment was due, a dispute over fees arose, prompting Tana and Glickman to serve a notice of attorney's lien. Faced with competing claims to the money, Kikkoman deposited the settlement proceeds in court in an interpleader action (Kikkoman Corp. v. Sugihara (Super. Ct. S. F. County, No. 918398) (the interpleader action)).

Sugihara filed a cross-complaint against Tana and Glickman in the interpleader action (the Sugihara complaint), alleging in relevant part that Tana was negligent in "failing to explain and clarify the three way fee arrangement" between Tana, Glickman and Sugihara, "breached their fiduciary duty . . . by failing and omitting fully and reasonably to explain said fee arrangement, negotiations and expectations" and abused the interpleader process by causing Kikkoman to interplead with the court the settlement funds due Sugihara and refusing to allow the court to release the excess over the amount the attorneys claimed in fees. Sugihara sought an abatement of legal fees claimed by Tana, a declaration that any fees Sugihara might owe Glickman should be paid by Tana, plus general, compensatory and punitive damages.

Tana tendered defense of the Sugihara complaint to his malpractice carrier, Prototype. Prototype declined to defend on the ground the claims set forth by Sugihara were not covered by the policy.[2]

After defending the case through private counsel, Tana filed this breach of contract/declaratory relief action. On cross-motions for summary judgment,

---

[1]Glickman is a partner with the firm of Rosenman, Colin, Freund, Lewis & Cohen. For purposes of the discussion here, all references to Glickman include the Rosenman firm.

[2]Prototype declined to defend the claims because they did not arise out of "Professional Services" as defined in the policy and because the only damages Sugihara specifically pleaded in connection with the claims pertained to legal fees. Prototype also claimed that the abuse of process claim by Sugihara did not arise out of a lawyer-client relationship from

the superior court ruled, as a matter of law, that Prototype was not liable for failing to defend Tana because the Sugihara action consisted entirely of a fee dispute not within the scope of policy coverage. Tana appeals following an order granting summary judgment in favor of Prototype.

APPEAL

I

*Standard of Review*

Tana argues Prototype had a duty to defend him because Sugihara's complaint stated claims which potentially fell within policy coverage.

"In general, '[t]he duty to defend is broad and insurance policies must be interpreted so as to protect the reasonable expectations of the insured. [Citation.] . . . An insurer must defend a suit which *potentially* seeks damages within the coverage of the policy . . . . The obligation to defend is measured by the terms of the policy and the allegations of the complaint against the insured and where the complaint reveals potential liability within the policy, the duty to defend arises. [Citation.] If there is a doubt as to whether the insurer must defend, the doubt should be resolved in the insured's favor.' [Citation.]" (*Hill* v. *Physicians & Surgeons Exchange* (1990) 225 Cal.App.3d 1, 6-7 [274 Cal.Rptr. 702], citing *Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 753 [161 Cal.Rptr. 322], original italics.) However, "this duty, while broad, is not unlimited; where there is no potential for recovery on a covered claim, there is no duty to defend." (*Reagen's Vacuum Truck Service, Inc.* v. *Beaver Ins. Co.* (1994) 31 Cal.App.4th 375, 384 [37 Cal.Rptr.2d 89] (*Reagen's Vacuum*); accord, *Devin* v. *United Services Auto. Assn.* (1992) 6 Cal.App.4th 1149, 1157 [8 Cal.Rptr.2d 263].)

When reviewing a contract, we must independently construe the parties' agreement. Only when conflicting inferences arise from extrinsic evidence, a situation not present here, is the trial court's determination binding on the appellate court. (*Transamerica Ins. Co.* v. *Sayble* (1987) 193 Cal.App.3d 1562, 1566 [239 Cal.Rptr. 201].) Because the issue is one of law and exclusively dependent on an interpretation of writings, on appeal from an order granting summary judgment, we exercise de novo review.

which a fee "inured to [Tana's] benefit," because Tana commenced the interpleader action on his own behalf.

(*Reagen's Vacuum, supra,* 31 Cal.App.4th 375, 382; *Garcia* v. *Truck Ins. Exchange* (1984) 36 Cal.3d 426, 439 [204 Cal.Rptr. 435, 682 P.2d 1100].)

## II

### *Malpractice Coverage*

The issue here turns upon whether, under the facts alleged in the Sugihara complaint, there existed a potential for coverage under Tana's malpractice policy. As relevant here, section A. of the policy agreed to pay on behalf of Tana "all sums . . . which [Tana] shall be legally obligated to pay *as Damages* . . . [b]y reason of an act or omission in the rendering of Professional Services by the Insured . . . ." "Professional Services" is defined as "[t]hose services rendered or that should have been rendered for others as a lawyer . . . ." (C.1.(a), italics added.)

The definition of "Damages" is set forth in section C.3 of the policy: "DAMAGES mean a monetary judgment, award or settlement. DAMAGES DO NOT INCLUDE: [¶] . . . (b) Legal fees, costs and expenses previously paid by the claimant, or retained or possessed by an Insured, whether claimed by way of restitution of specific funds, forfeiture, financial loss or otherwise; [¶] (C.) **Injuries** which are, in whole or in part, a consequence of the injuries described in Subsection . . . (b) above[.]"

As the trial court correctly noted, under Tana's policy two requirements had to be met in order to find coverage: the claim must be for an act or omission in the rendering of professional services *and* must fall within the terms of the damage definition. Because both prongs of the test must be met for coverage to exist, we need not determine whether the "professional services" component has been satisfied if it appears that the "damages" definition was not satisfied.

A commonsense reading of the complaint reveals that it was entirely a fee dispute, not a malpractice claim. Sugihara did not complain of anything Tana did or failed to do in representing him in the Kikkoman litigation. The acts or omissions of which Sugihara complains are: reneging on the terms of the 1984 retainer agreement as represented to him, misrepresenting and/or failing to explain the fee-splitting arrangement he undertook with Glickman, and demanding unreasonably high bonuses from the settlement proceeds, which are unconscionable and unenforceable. Sugihara sought (1) a determination that no further payment was owed Tana, (2) a declaration that all

interpleaded funds should be paid to him rather than Tana or Glickman, (3) a declaration that the amounts interpleaded satisfy any and all attorney's fees owed by him in the Kikkoman action, (4) an indemnification from Tana for all sums owed to Glickman, (5) general and compensatory damages and (6) attorney's fees and costs. As the trial court correctly observed, all of the damages Sugihara sought from Tana were "either (1) a 'return of, or a reduction of attorney's fees' owed by Sugihara to Tana or (2) '*Injuries which are, in whole or part, a consequence of those fees*.*"* (Italics added.)

Tana nevertheless points to the prayer for "general and compensatory damages . . . including all reasonable attorneys' fees incurred herein," asserting it can be read as requesting damages beyond an abatement in the fees between Sugihara and Tana and thereby falling within the policy's coverage.

Even if Sugihara might have been seeking more than just a reduction in his attorney's fee liability, Tana cannot avoid the inevitable conclusion that such damages are "injuries" caused by (i.e., "a consequence of") a dispute over legal fees. Fee disputes do not become covered damages merely because the damages are called "compensatory" or are sought under a claim of "negligence" or "breach of fiduciary duty." (Cf. *Chamberlain* v. *Allstate Ins. Co.* (9th Cir. 1991) 931 F.2d 1361, 1365.) Reading the complaint as a whole, it is clear the relief Sugihara seeks is limited to a judicial resolution of the fee dispute, indemnity from payment of fees, and damages and costs associated with the controversy.

Tana also urges that Sugihara's prayer for any and all sums found to be due from Sugihara *to Glickman* cannot be construed as fees owed by Sugihara to Tana or injuries resulting therefrom. ▮ However, the policy must be read as a whole, without giving a distorting emphasis to isolated words or phrases. (*Transamerica Ins. Co.* v. *Sayble, supra,* 193 Cal.App.3d 1562, 1566.) ▮ Tana ignores the undisputed evidence that Tana's and Glickman's fees were interrelated. Sugihara's complaint acknowledged he was persuaded to hire Glickman as "co-counsel" in connection with the case but asserted Tana and Glickman entered into a private fee splitting arrangement without his knowledge, which included attorney's fee liability above and beyond what had been represented to Sugihara. Because of Tana's wrongful conduct in misrepresenting and *"failing to explain and clarify the three way fee arrangement"* Sugihara asked the court to declare that whatever liability he may have unwittingly incurred to Glickman should be Tana's responsibility. Under any reasonable construction of the complaint, the alleged damages are injuries arising from legal fees.

Our conclusion comports with the parties' expectations when they entered into the insurance contract. ██ "We test the meaning of the policy according to the insured's reasonable expectation of coverage." (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 276 [54 Cal.Rptr. 104, 419 P.2d 168].) "Contracts must be construed in harmony with the parties' intention at the time of contracting. [Citation.]" (*Transamerica Ins. Co.* v. *Sayble, supra,* 193 Cal.App.3d 1562, 1566.) ██ In bargaining for a malpractice insurance policy, Tana could legitimately expect that he would be covered for acts or omissions in the course of *representing his clients.* It would be unreasonable to expect that such a policy would also cover Tana's business practices, such as attorney-client fee arrangements and disputes arising thereunder. (See generally, *La Jolla Beach & Tennis Club, Inc.* v. *Industrial Indemnity Co.* (1994) 9 Cal.4th 27, 39 [36 Cal.Rptr.2d 100, 884 P.2d 1048].)

Because we find, as a matter of law, no relief sought by Sugihara fell within the definition of "Damages" as set forth in Tana's malpractice policy, there was no possibility of coverage and therefore no duty to defend. (*La Jolla Beach & Tennis Club, Inc.* v. *Industrial Indemnity Co., supra,* 9 Cal.4th 27, 39.)

## III

### *Abuse of Process*

Tana argues Sugihara's abuse of process cause of action potentially fell within paragraph D.1 of the policy providing coverage for any "malicious prosecution or abuse of process" claim provided it "arises out of Professional Services rendered or which should have been rendered by the Insured in a lawyer-client relationship [and] a fee inured to the benefit of the Named Insured from such services. . . ."

The argument does not fly. The only "abuse of process" alleged here was Tana's misuse of the interpleader action to block payment of the settlement proceeds in order to collect his fees. By persuading Kikkoman to interplead the entire settlement proceeds and by filing an attorney's lien on funds, Tana was representing no one's interest but his own. There is no evidence that "a fee inured" to Tana from using the interpleader action to collect attorney's fees from a former client. Nor may such efforts reasonably be construed as the rendering of services "in a lawyer-client relationship."

## DISPOSITION

The judgment is affirmed.

Kline, P. J., and Haerle, J., concurred.