**PHILADELPHIA INDEMNITY IN-SURANCE COMPANY, Plaintiff—counter-defendant—Appellee,**

v.

**THOMPSON & COMPANY INSUR-ANCE SERVICES, INC., Defendant—counter-claimant—Appellant.**

No. 00–56647.

D.C. No. CV–00–01372–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2002.*

Decided Feb. 6, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Thompson & Company Insurance Services, Inc. ("Thompson"), an insurance brokerage firm, appeals the district court's summary judgment for the Philadelphia Indemnity Insurance Company ("Philadelphia") in its action seeking a declaration of rights under an Insurance Agents and Brokers Professional Liability Policy ("the Policy") which Philadelphia had issued to Thompson. We affirm.

Philadelphia has eliminated any and all possibility of coverage under the terms of the policy because both underlying actions are "claims for fees," which are expressly

excluded from coverage. *See Tana v. Professionals Prototype I Ins. Co.*, 47 Cal. App.4th 1612, 55 Cal.Rptr.2d 160, 163 (Ct. App.1996).

Thompson's claimed "reasonable expectation" of coverage is not relevant because the language of the policy is clear and unambiguous. *American Star Ins. Co. v. Ins. Co. of the West*, 232 Cal.App.3d 1320, 284 Cal.Rptr. 45, 52 (Ct.App.1991).

The fact that the underlying actions contain claims for negligent misrepresentation does not give rise to a duty to defend both because California law considers negligent misrepresentation to be purposeful rather than accidental for the purpose of insurance coverage, *Chatton v. Nat'l Union Fire Ins. Co.*, 10 Cal.App.4th 846, 13 Cal. Rptr.2d 318, 328 (Ct.App.1992), and because the underlying actions are "claims for fees," which are excluded from coverage regardless of whether they allege negligence.

Thompson has failed to put forth sufficient evidence to raise any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no evidence that Philadelphia has waived its right to deny coverage. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 636 (Cal.1995). Philadelphia is not estopped from denying coverage because Thompson has made no showing of detrimental reliance on Philadelphia's actions. *Id.* at 638.

AFFIRMED.

* Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.