CONTINENTAL CASUALTY COMPANY, Plaintiff-Appellee, v. LAW OFFICES OF MELVIN JAMES KAPLAN, Defendant-Appellant (Cort Chubko, Defendant).

First District (3rd Division)   No. 1—02—2951

Opinion filed December 3, 2003.—Rehearing denied January 12, 2004.

Beermann, Swerdlove, Woloshin, Berezky, Becker, Genin & London, of Chicago (Timothy M. Kelly, of counsel), for appellant.

Ross, Dixon & Bell, L.L.P., of Washington, D.C. (Richard A. Simpson and Lynda Guild Simpson, of counsel), and Ross, Dixon & Bell, L.L.P., of Chicago (Scott E. Turner, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The Law Offices of Melvin James Kaplan (Kaplan) appeals from a

summary judgment entered in favor of its malpractice insurance carrier, Continental Casualty Company (Continental), in Continental's action seeking a judicial declaration that it has no duty to defend Kaplan in an action brought by one of its former clients, or to indemnify Kaplan from any judgment that might be entered in that action. Kaplan also appeals from the denial of its cross-motion for summary judgment. For the reasons that follow, we reverse the judgment of the circuit court and remand this cause with directions to enter a partial summary judgment in favor of Kaplan.

The facts of this case are not in dispute. Continental issued a policy of insurance (hereinafter referred to as the Policy) pursuant to which it agreed to pay on behalf of Kaplan all sums in excess of the stated deductible that Kaplan "shall become legally obligated to pay as damages and claim expenses because of a claim that is both first made against *** [Kaplan] and reported in writing to *** [Continental] during the policy period by reason of an act or omission in the performance of legal services by *** [Kaplan] or by any person for whom *** [Kaplan] is legally liable." The Policy defines "legal services," in relevant part, as "those services performed by an Insured for others as a lawyer." It also states that the term "damages" includes "judgments, awards, and settlements," but that the term does not include, among other things:

"1. legal fees, costs and expenses paid or incurred or charged by *** [Kaplan], no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;

2. civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule ***;

3. punitive or exemplary amounts."

The Policy provides that Continental has "the right and duty to defend in *** [Kaplan's] name and on *** [Kaplan's] behalf a claim covered by this Policy even if any of the allegations of the claim are groundless, false or fraudulent."

On January 3, 2001, Cort Chubko, one of Kaplan's former clients, filed a class-action complaint in the Federal District Court for the Northern District of Illinois (hereinafter referred to as the underlying action). Chubko's second amended complaint in that action alleged, *inter alia*: that Kaplan represented him in a proceeding brought pursuant to chapter 7 of the United States Bankruptcy Code (Code) (11 U.S.C. § 701 *et seq.* (2000)); that, prior to filing a petition on his behalf, Kaplan required Chubko to sign a retainer agreement for the payment of attorney fees in installments; and that a portion of the fees collected by Kaplan from Chubko after the filing of his bankruptcy peti-

tion was for services rendered by Kaplan prior to the filing of the petition. In count I of his second amended complaint, Chubko sought relief against Kaplan for a violation of the automatic stay provisions of section 362 of the Code (11 U.S.C. § 362 (2000)) by reason of Kaplan having collected, after Chubko's bankruptcy petition was filed, fees for services rendered to him prior to the filing of the petition. In count II, Chubko asserted a negligence claim against Kaplan for having failed to obtain a discharge of a prepetition obligation of his; namely, the fees that he owed Kaplan for prepetition services. Count III sought a finding of contempt against Kaplan and an award of actual damages, punitive damages and attorney fees predicated upon Kaplan's alleged violation of the injunction imposed under the provisions of section 524(a)(2) of the Code (11 U.S.C. § 524(a)(2) (2000)), prohibiting the collection of a prepetition debt after discharge. Each of the counts was brought on behalf of Chubko individually and as the putative representative of all similarly situated former clients of Kaplan.

On March 14, 2001, Continental filed the instant action in the circuit court of Cook County, seeking a judicial declaration that it has no duty under the Policy to defend or indemnify Kaplan from the claims made by Chubko in the underlying action. Continental and Kaplan filed cross-motions for summary judgment. The circuit court issued a written memorandum opinion and order wherein it found that all of the claims asserted by Chubko against Kaplan in the underlying action sought recovery for injuries incurred as a consequence of legal fees charged by Kaplan and were, as a result, excluded from coverage under the terms of the Policy. The circuit court granted Continental's motion for summary judgment and denied Kaplan's cross-motion. This appeal followed.

Our resolution of this appeal turns on an analysis of the issue of whether, under the terms of the Policy, Continental is obligated to defend Kaplan in the underlying action. The issue is one of contract construction.

■ "The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment." *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391, 620 N.E.2d 1073 (1993). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000); *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 380, 313 N.E.2d 457 (1974). When, as in this case, parties file cross-motions for summary judgment, they concede the absence of a genuine issue of material fact and invite the court to decide the ques-

38

tions presented as a matter of law. *Spencer v. Riordan*, 240 Ill. App. 3d 938, 944, 608 N.E.2d 432 (1992). Our review, however, is *de novo*. *In re Estate of Hoover*, 155 Ill. 2d 402, 411, 615 N.E.2d 736 (1993).

■ In *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108-09, 607 N.E.2d 1204 (1992), our supreme court held:

> "In construing an insurance policy, the court must ascertain the intent of the parties to the contract. [Citations.] To ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole [citations], with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract [citations]. If the words in the policy are unambiguous, a court must afford them their *plain, ordinary, and popular meaning*. [Citations.] However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous [citation] and will be construed in favor of the insured and against the insurer who drafted the policy [citations]." (Emphasis in original.)

In assessing the scope of coverage afforded by a policy of insurance, our initial consideration is the "type of policy for which the parties have contracted." *Crum & Forster*, 156 Ill. 2d at 392. The policy at issue in this case unambiguously covers professional liability. It is labeled a "Lawyers Professional Liability Policy" and, as noted earlier, provides that Continental agreed to pay on behalf of Kaplan damages and expenses incurred as the consequence of claims arising out of "an act or omission in the performance of legal services." The risks undertaken by Continental under the Policy are clearly those inherent in the practice of law. See *Crum & Forster*, 156 Ill. 2d at 393.

In urging reversal of the trial court's judgment in this case, Kaplan argues that Chubko's second amended complaint in the underlying action alleges a claim arising out of the performance of legal services and, as a consequence, triggers Continental's duty to defend. Continental disagrees, contending, as it did before the trial court, that the sums sought by Chubko in the underlying action do not fall within the Policy's definition of "damages" that Continental has a duty to pay on behalf of Kaplan and that, in the absence of an obligation to indemnify Kaplan for the sums sought, it has no duty to defend against the claims.

■ Addressing the issue of an insurer's duty to defend its insured, the supreme court in *U.S. Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73, 578 N.E.2d 926 (1991), stated:

> "If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. [Citation.] An insurer may not justifiably refuse to defend an action

against its insured unless it is *clear* from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. [Citation.] Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy. [Citation.]'' (Emphasis in original.)

■ It seems fairly clear that the theories of recovery asserted in counts I and III of Chubko's second amended complaint arise out of Kaplan's actions as a creditor collecting a debt. Neither of the theories pled in these counts arises out of an act or omission by Kaplan in rendering, or failing to render, legal services. As such, neither count constitutes a claim under the terms of the Policy and neither count would trigger Continental's duty to defend. Our analysis focuses, therefore, on the theory of recovery pled in count II of Chubko's second amended complaint.

Count II asserts a cause of action for professional negligence against Kaplan, arising out of its representation of Chubko in his bankruptcy proceedings. Chubko charges that Kaplan was negligent in failing to secure a discharge of one of his prepetition debts. The debt at issue is Kaplan's own fee claim for legal services rendered to Chubko in the bankruptcy proceedings prior to the filing of his petition.

Continental correctly asserts that two requirements must be met in order to trigger coverage under the Policy. First, the claim made against Kaplan in the underlying action must have arisen by reason of an act or omission in performance of legal services. Second, the recovery sought in the underlying action must fall within the Policy's definition of damages. See *Tana v. Professional Prototype I Insurance Co.*, 47 Cal. App. 4th 1612, 55 Cal. Rptr. 2d 160 (1996). Continental's arguments to the contrary notwithstanding, the charging allegations set forth in count II of Chubko's second amended complaint clearly satisfy the first requirement. The issue remains whether the recovery sought by Chubko in count II falls within the Policy's definition of damages that Continental is obligated to pay on behalf of Kaplan.

As noted earlier, Continental argues that the injury for which recovery is sought in count II is a consequence of legal fees charged by Kaplan and, as such, falls outside the Policy's definition of damages. We disagree. An event is the consequence of another when the former follows the latter as a natural or necessary result. See Webster's Third New International Dictionary 482 (1981). The fact that the damages sought by Chubko in count II may well be measured by the sums paid to Kaplan, postdischarge, for legal services rendered prior to the filing of Chubko's petition in bankruptcy does not mean that the injury suf-

fered is a consequence of the fees charged. Rather, the injury suffered is a consequence of Kaplan's alleged negligent failure to secure a discharge of Chubko's obligation to pay those fees.

We believe that count II of Chubko's second amended complaint in the underlying action alleges facts and a theory of liability against Kaplan that potentially fall within the coverage afforded under the Policy and, as a consequence, Continental is obligated to defend Kaplan. Accordingly, we reverse the summary judgment entered by the circuit court in favor of Continental and the denial of Kaplan's cross-motion, and we remand this cause to the circuit court with directions to enter a partial summary judgment in favor of Kaplan on the issue of Continental's duty to defend and to stay any further proceedings on the issue of Continental's duty to indemnify Kaplan pending the resolution of the underlying action.

Reversed and remanded with directions.

SOUTH and KARNEZIS, JJ., concur.