2023 IL App (1st) 220794
No. 1-22-0794
Opinion filed December 15, 2023

SIXTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| NATIVIDAD ALMAZAN, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 2018 CH 15512 |
| | ) | |
| 7354 CORPORATION, a Delaware | ) | The Honorable |
| Corporation; GREENS400 LLC, an | ) | Cecilia A. Horan, |
| Illinois Limited Liability Company; | ) | Judge, presiding. |
| OLIMPIU GABRIEL SARAC; | ) | |
| SIMONA BRAD; and UNKNOWN OWNERS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Olimpiu Gabriel Sarac and Simona Brad, | ) | |
| Defendants-Appellants). | ) | |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices Hyman and C.A. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    In this interlocutory appeal, defendants Olimpiu Gabriel Sarac and Simona Brad appeal the trial court's grant of summary judgment in favor of plaintiff Natividad Almazan and against all defendants. For the following reasons, we affirm.

## I BACKGROUND

### A. Limited Nature of this Appeal

On December 14, 2018, plaintiff filed her amended complaint against defendants 7354 Corp., Greens400, Olimpiu Gabriel Sarac, and Simona Brad to quiet title. On March 13, 2020, defendants Sarac and Brad filed a counterclaim against 7354 for breach of the warranty deed that they had received for the same property—in the event that the court found for plaintiff in her quiet title action. On August 31, 2020, plaintiff moved for summary judgment against all defendants on her claim to quiet title, which the trial court granted on February 15, 2021. In its order, the trial court stated: "This is a final order. Case disposed." However, Sarac and Brad's breach of warranty claim had not been disposed of in the February 15, 2021, order. Thus, they moved on March 16, 2022, for a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay appeal, even though a claim remained. On May 4, 2022, the trial court entered the requested Rule 304(a) finding. Thirty days later, on June 3, 2022, defendants Sarac and Brad filed a notice of appeal, and this timely interlocutory appeal followed. Although the trial court's finding was entered against all defendants, only defendants Sarac and Brad appeal.

### B. Facts Not in Dispute

The following facts are not in dispute and are set forth in defendants' brief to this court.

Plaintiff filed an action in the circuit court of Cook County against defendants to quiet title on a three-flat apartment building located in Chicago. Plaintiff's claim is based on an installment agreement to sell the property. This agreement was signed with then-owners Luis Campos and Carmen Campos[1] (collectively, the Campos) and recorded in 1998. Full payment

---

[1]Luis and Carmen divorced, and Carmen Campos's last name is now Ospina.

was due by July 1, 2003. The agreement provided that plaintiff would make payments to the Campos, after which plaintiff would receive a warranty deed for the property. The agreement provided that plaintiff would not acquire a legal or equitable interest in the property until either delivery of the deed or full payment:

"7. No right, title or interest, legal or equitable, in the premises, or any part thereof, shall vest in [plaintiff] until the delivery of the deed aforesaid by [the Campos], or until the full payment of the purchase price at the times and in the manner herein provided."

Defendants concede in their brief that plaintiff "did eventually make full payment" and that the Campos did deliver a quitclaim deed in January 2015. Plaintiff did not record this deed until December 7, 2018.

¶ 8     Regarding forfeiture, the agreement provides:

"11. In case of the failure of [plaintiff] to make any of the payments, or any part thereof, or perform any of [plaintiff's] covenants hereunder, this agreement shall, at the option of [the Campos] be forfeited and determined, and [plaintiff] shall forfeit all payments made on this agreement, and such payments shall be retained by [the Campos] in full satisfaction and as liquidated damages by [the Campos] sustained, and in such event [the Campos] shall have the right to re-enter and take possession of the premises aforesaid.

12. In the event this agreement shall be declared null and void by [the Campos] on account of any default, breach or violation by [plaintiff] in any of the provisions hereof, this agreement shall be null and void and be so conclusively determined *by the filing by* [the Campos] *of a written declaration of forfeiture hereof in the Recorder's office of said County*." (Emphasis added.)

It is undisputed that the Campos did not file a written declaration of forfeiture in the county recorder's office.

¶ 9                                    C. Subsequent Sales of the Same Property

¶ 10          Defendants allege that, in September 2018, the Campos agreed to sell the same property to defendant 7354 Corp., and that this sale closed in November 2018. Defendants further allege that defendant 7354 sold the same property to defendants Sarac and Brad, the appellants here, and that this sale also closed November 2018.

¶ 11          At the time of the November closing of the sale from 7354 Corp. to Sarac and Brad, the record reflected both ownership by the Campos and plaintiff's installment purchase agreement. This was because 7354 Corp. did not record the warranty deed purporting to transfer the property from the Campos to 7354 Corp. until December 4, 2018.

¶ 12          On December 7, 2018, plaintiff recorded the quitclaim deed that she had received from the Campos. On December 17, 2018, Sarac and Brad recorded the warranty deed that they had received from 7354 Corp.

¶ 13                                    D. Summary Judgment Order

¶ 14          After the close of discovery in this case, plaintiff motioned the trial court for summary judgment , and all defendants filed cross-motions for summary judgment. At the outset of its detailed memorandum order, dated February 15, 2022, the trial court stated: "The issue the Court is asked to decide is whether [plaintiff] or Sarac and Brad are the legal title holders of" the property at issue.

¶ 15          Regarding the original contract between plaintiff and the Campos, the trial court observed: "No party disputes that the Installment Agreement was an enforceable contract upon execution." In addition, no party disputes that plaintiff recorded her purchase contract years

before the sale of the property by the Campos to defendant 7354 Corp. "Accordingly," the trial court concluded, "when she recorded the Installment Agreement, [plaintiff] put all subsequent purchasers on record notice of her interest in the [p]roperty, including 7354 Corp. and Sarac and Brad."

¶ 16 Defendants argued that the installment agreement recorded by plaintiff failed to provide them with record notice of plaintiff's equitable ownership, because plaintiff did not strictly comply with its terms, and she did not record a *lis pendens*.[2] Finding this argument unpersuasive, the trial court explained that the Campos "did not exercise their option to declare a forfeiture, and even if they did, such declaration would have been ineffectual since there was no such declaration filed with the recorder's office as required by the terms of the Installment Agreement." The trial court found: "As a matter of law, Sarac and Brad were on inquiry notice at the time 7354 Corp. conveyed the [p]roperty to them."

¶ 17 Defendants also asserted the affirmative defense of *laches*. Finding that argument unpersuasive, the trial court explained:

"Sarac and Brad's argument fails for multiple reasons. First, [plaintiff] timely recorded the [i]nstallment [a]greement. Since the [Campos] never exercised any right to declare a forfeiture, the entire world was on record notice of [plaintiff's] equitable interest in the [p]roperty. Second, there was no unreasonable delay on the part of [plaintiff]. Here, [plaintiff] seeks to remove two clouds on title: the deed conveying the [p]roperty to 7354 Corp. and the deed conveying the [p]roperty to Sarac and Brad.

---

[2]In December 2014, Almazan filed an action to quiet title in the Circuit Court of Cook County (Case Number 2014 CH 19788) reportedly because, even though she had paid off the installment contract, she had not received the deed and she had lost touch with the Campos.

[Plaintiff] filed her original complaint to quiet title on December 14, 2018, ten days after and three days before these respective deeds were recorded."

¶ 18 The trial court concluded, as a matter of law, that defendants 7354 Corp., Sarac and Brad were not *bona fide* purchasers, where the installment agreement provided record notice to all subsequent purchasers, where plaintiff obtained a quitclaim deed from the Campos in 2015 that conveyed to her all the then-existing legal rights that the Campos had, and where Sarac and Brad were on inquiry notice of plaintiff's interest since they did not purchase the property from the record owner. The trial court declared all the deeds filed on behalf of 7354 Corp., Sarac, and Brad to be null and void, and confirmed title in plaintiff free and clear of defendants' claims. As already described above (*supra* ¶ 4), Sarac and Brad filed a timely interlocutory notice of appeal, and this appeal followed.

¶ 19                                                    II. ANALYSIS

¶ 20 Defendants Sarac and Brad appeal the trial court's grant of summary judgment in favor of plaintiff. Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmovant, fails to establish a genuine issue of material fact, thereby entitling the moving party to judgment as a matter of law. *Zurich American Insurance Co. v. Infrastructure Engineering, Inc.*, 2023 IL App (1st) 230147, ¶ 17; 735 ILCS 5/2-1005(c) (2022). Summary judgment can be an expeditious manner of disposing of a lawsuit, but it should be utilized only when the movant's right to judgment is clear and free from doubt. *Zurich*, 2023 IL App (1st) 230147, ¶ 17.

¶ 21 When, as in this case, the parties file cross-motions for summary judgment, they concede the absence of a genuine issue of material fact and invite the trial court to decide the questions presented as a matter of law. *Gean v. State Farm Mutual Automobile Insurance Co.*,

2019 IL App (1st) 180935, ¶ 12; *Continental Casualty Co. v. Law Offices of Melvin James Kaplan*, 345 Ill. App. 3d 34, 37-38 (2003).

¶ 22       On appeal, a reviewing court will consider *de novo* the trial court's decision to grant summary judgment. *Zurich*, 2023 IL App (1st) 230147, ¶ 17. *De novo* review means that we perform the same analysis that a trial court would, and that we owe no deference to the trial court's decision. *People v. Avdic*, 2023 IL App (1st) 210848, ¶ 25.

¶ 23       Defendants Sarac and Brad argue, first, that the trial court was correct in finding that the plaintiff's 2015 quitclaim deed, filed after their closing, failed to provide them with notice. However, defendants argue that the trial court erred in finding that they were "on inquiry notice purely by virtue of the fact that they bought from 7354 Corp. a few days before 7354 Corp. recorded its deed" from the Campos. In other words, defendants claim that a record chain that disclosed the Campos' ownership and plaintiff's installment contract—but not 7354 Corp.— was not enough to make a reasonable person pause. *In the Application of the County Collector*, 397 Ill. App. 3d 535, 549 (2009) (inquiry notice occurs when a person has facts that would make a prudent person pause). Defendants argue that the trial court's conclusion to the contrary "is not based on any established law or rational policy." Contrary to defendants' argument, we find that the trial court's finding is based on well-established statute and precedent, as we explain below.

¶ 24       Section 28 of the Conveyances Act (Act) provides that "[d]eeds, mortgages, powers of attorney, and other instruments relating to or affecting the title to real estate in this state, shall be recorded in the county in which such real estate is situated." 765 ILCS 5/28 (West 2022). Section 30 provides:

"All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, *and not before*, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record." (Emphasis added.) 765 ILCS 5/30 (West 2022).

Pursuant to the statute above, at the time of the November 2018 closing, plaintiff's installment contract, which was recorded before November 2018, had "effect" and was "in force" as to subsequent purchasers, such as defendants. However, since the deed to 7354 Corp. was filed after the November closing and "not before," its filing had no effect and no force at the time of closing "as to *** subsequent purchasers," such as Sarac and Brad. 765 ILCS 5/30 (West 2022).

¶ 25    A person or entity cannot be a *bona fide* purchaser of property if he or she has actual or constructive notice of the outstanding rights of other parties to the property. *U.S. Bank National Ass'n v. Johnston*, 2016 IL App (2d) 150128, ¶ 45. Actual notice is the knowledge that the purchaser actually had at the time of the conveyance, and constructive knowledge is knowledge that the law imputes to the purchaser. *U.S. Bank*, 2016 IL App (2d) 150128, ¶ 45. There are two types of constructive knowledge: record notice and inquiry notice. *U.S. Bank*, 2016 IL App (2d) 150128, ¶ 45. Record notice is provided by the records in the office of the recorder of deeds. *U.S. Bank*, 2016 IL App (2d) 150128, ¶ 45. Facts on record notice, for example, include the Campos' ownership and plaintiff's installment contract.

¶ 26    In addition to being charged with notice of all the items appearing in the chain of title, a purchaser is placed on inquiry notice if these facts would cause a prudent person "to think

twice." *County Collector*, 397 Ill. App. 3d at 549. When a purchaser is on inquiry notice, the law charges him or her with the knowledge of facts that he or she would have discovered by diligent inquiry. *U.S. Bank*, 2016 IL App (2d) 150128, ¶ 45.

¶ 27    Defendants argue that the installment contract was insufficient to place them on inquiry notice (1) where the contract itself proved that plaintiff received no legal or equitable interest in the property until either delivery of the deed or full payment and (2) where plaintiff failed to timely file her deed. However, paragraph 7, cited by defendants (*supra* ¶ 7), speaks of "delivery," rather than filing, and establishes that *either* delivery of the deed *or* full payment provides plaintiff with an interest in the property. Here, both full payment and delivery of the deed occurred before Campos' attempts to convey the property to 7354 Corp. and ultimately Sarac and Brand. Thus, the lack of a subsequently recorded deed by plaintiff did not undercut the inquiry-notice effect of the contract.

¶ 28    In addition, the contract provides that a failure to pay or perform by plaintiff gives the Campos the "option"[3] to forfeit the contract. However, it does not provide that such a failure automatically voids it. The contract further provides that, if the seller chooses to exercise this option, the seller must file a written declaration of forfeiture in the records office, and it is undisputed that no such forfeiture was recorded in this case. *Supra* ¶ 8. The optional nature of forfeiture, the requirement of a written declaration if the option was exercised, and the lack of such a filing in this case further placed defendants on inquiry notice.

---

[3]Defendants argue that the contract "expired" in 2003. The contract did not state that it expired in 2003; rather, it stated that full payment was due from plaintiff by then. While paragraph 8 prohibited plaintiff from claiming an extension, it did not prohibit the Campos from granting one. If plaintiff failed to pay in time, paragraph 11 gave the Campos "the option" to file a forfeiture notice. However, forfeiture was by no means required by the contact, and the Campos chose not to exercise the forfeiture option. Instead, they accepted payment and eventually delivered the deed.

¶ 29 Defendants argue that there is a material factual dispute preventing summary judgment, despite the fact that all the parties moved for summary judgment before the trial court. As we noted above, moving for summary judgment is generally a concession that there is no material factual dispute preventing its entry. *Supra* ¶ 21. Defendants argue that the factual dispute concerns the intent of the parties to the original installment contract.

Specifically, defendants argue that the trial court allegedly failed to consider the intent of the Campos and that the contract that they signed failed to create an equitable interest in plaintiff. Plaintiffs respond that defendants waived this argument by affirmatively asserting to the trial court that this was not an argument that they were making. After reviewing the motions and briefs submitted by the parties to the court below, we find this argument compelling. To give just one example, we note that defendants Sarac and Brad argued to the trial court: "This dispute is not over whether [p]laintiff had equitable title or even legal title to the [p]roperty. The dispute is whether Sarac and Brad, as *bona fide* purchasers, had notice of [p]laintiff's alleged interest."[4] Even if this argument was not waived several times over, it is still not persuasive, as we explain below.

¶ 30 Whatever the subjective intent of the signing parties, the objective face of the contract still created inquiry notice, as we explained above. *Supra* ¶¶ 27-28. Whether or not the contract created an equitable interest, plaintiff had a legal interest, pursuant to the express terms of the contract itself, by both the delivery of the deed and full payment. Both delivery of the quitclaim deed and full payment were conceded by defendants in their brief to this court—and both occurred prior to the November 2018 closing. The recorded contract, plus the lack of any

---

[4]This quote is from page 4 of Sarac and Brad's "Reply in Further Support of Their Motion for Summary Judgment," filed before the trial court on November 16, 2020.

recorded forfeiture as the contract required, plus the lack of any recorded interest by the purported owner and seller,[5] should have tipped off defendants Sarac and Brad that they needed to look further.

¶ 31    Each side argues that the other side's cases are factually inapposite. We realize that there are few fact patterns exactly like this one, and we hope this is because owners are generally not selling the same property twice. However, as we explained above (*supra* ¶¶ 24-28), the relevant precedent and statute support plaintiff's claims. Yes, she should have recorded her deed, but she knew she had already recorded her contract with the Campos. A purchaser does not typically expect that a seller will try to sell the same property twice, after the seller both delivered a deed and received full payment for it. However, it is not too much to ask a purchaser to pause when their seller has no recorded interest and to find out what happened to a prior recorded sale with no contractually required forfeiture filing. The observations we make here are relevant only to the issue before us, which is whether the trial court erred in finding that title rests with plaintiff; they have no bearing on the remaining issue for the court below, which is defendants Sarac and Brad's claims against defendant 7354 Corp. As we explained above, both statute and precedent require us to affirm the trial court's grant of summary judgment for plaintiff.

¶ 32    Lastly, defendants Sarac and Brad asserted the affirmative defense of *laches*. Whether a party is guilty of *laches* to a degree that would bar suit is a matter within the trial court's

---

[5]Defendants argue in their brief to this court that, even if 7354 Corp. had recorded the deeds it received from the Campos, "the recording of the deeds from the Campos would have formalized what Sarac and Brad already knew, *i.e.*, that 7354 Corp. had recently purchased the [p]roperty from the Campos[ ]." However, in sworn affidavits to the trial court, Sarac and Brad argued just the opposite. In identical affidavits, Sarac and Brad swore that, at the time of signing a contract with 7354 Corp: "I did not know who Luis Campos or Carmen Campos were or their previous interest in the property. I did not know that 7354 Corp. was in the process of buying the [p]roperty from the Campos."

discretion. *Village of Riverdale v. Nosmo Kings, LLC*, 2023 IL App (1st) 221380, ¶ 30. On review, we will reverse only if the trial court abused its discretion in making its ruling. *Riverdale*, 2023 IL App (1st) 221380, ¶ 30. An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it. *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 34.

¶ 33        *Laches* is an equitable defense, and the issue is whether a plaintiff can be charged with a lack of diligence in failing to bring a lawsuit before he or she did. *Phoenix Capital, LLC v. Nsiah*, 2022 IL App (1st) 220067, ¶ 22; *DiFranco v. Fallon*, 2023 IL App (1st) 220785, ¶ 19 n.5. In the case at bar, the trial court stated that it declined to find *laches*, where plaintiff timely recorded her installment contract, where the Campos never exercised their right to declare a forfeiture, and where plaintiff filed suit to quiet title 10 days after 7354 Corp. recorded its deed and 3 days before Sarac and Brad recorded theirs. We cannot find that no reasonable person would agree with the trial court.

¶ 34                              III. CONCLUSION

¶ 35        For the foregoing reasons, the trial court's interlocutory order is affirmed, and the case is remanded for further proceedings on any remaining claims.

¶ 36        Affirmed and remanded.

*Almazan v. 7354 Corp.*, **2023 IL App (1st) 220794**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2018-CH-15512; the Hon. Cecilia A. Horan, Judge, presiding. |
| **Attorneys for Appellant:** | John D. Burke, Heather L. Maly, Thomas W. Dimond, and Alexander Valdes, for Ice Miller LLP, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Samuel Neschis, of Neschis & Tolitano, LLC, and Brian E. Hurley, of Brian E. Hurley & Associates, both of Chicago, for appellee. |