2025 IL App (1st) 241492-U
No. 1-24-1492
Order filed April 25, 2025

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| COUNTRY PREFERRED INSURANCE COMPANY, | ) ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee and Counter-Defendant, | ) ) | Cook County. |
| v. | ) ) | No. 23 CH 2800 |
| IMELDA BENNETT, | ) ) | Honorable |
| Defendants-Appellant and Counter-Plaintiff, | ) ) ) | Neil H. Cohen, Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming summary judgment for insurer where insured failed to submit a demand for arbitration within two years of the accident as required by the unambiguous and noncontradictory provisions of her insurance policy.

¶ 2    An underinsured driver struck Imelda Bennett's car. Bennett sued the driver, and the driver's insurance company offered the policy limit in settlement. Although the policy limit did not fully cover her damages, Bennett accepted it and dismissed her lawsuit.

¶ 3    More than four years after the accident and one year after the settlement, Bennett sought arbitration for her underinsured motorist claim with her insurer, Country Preferred Insurance Company. But Country Preferred denied her claim and filed for a declaratory judgment, arguing that Bennett did not meet the policy's requirement to sue or request arbitration within two years of the accident.

¶ 4    Bennett counterclaimed, arguing that one clause requires arbitration within two years of the accident and another requires an insured to be aware of a dispute before making a written arbitration demand. Bennett contended that these provisions were contradictory, as the timeline for arbitration should have started only after she established the underinsured motorist's liability. The trial court granted Country Preferred summary judgment, citing the policy language as unambiguous.

¶ 5    We agree with the trial court and affirm. Bennett failed to follow her insurance policy's unambiguous and noncontradictory provisions by requesting arbitration of her underinsured motorist claim within two years of the accident.

¶ 6                                    Background

¶ 7    In 2018, Bennett had an auto accident with an underinsured driver. Bennett's insurance policy with County Preferred provided, "If we and an uninsured disagree over whether that insured is legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle or if agreement cannot be reached on the amount of damages, the insured must make a written demand for arbitration." Furthermore, "Any suit, action or arbitration will be barred unless commenced within two years from the date of the accident."

¶ 8    In 2019, Bennett sued the underinsured driver. On November 18, 2021, the underinsured driver's insurer, State Farm Insurance, offered the policy limit in settlement. But, this amount

fell short of Bennett's damages. On the same day, Bennett informed Country Preferred of the offer and requested advice on making an underinsured motorist claim. She did not submit a written demand for arbitration. Country Preferred did not respond.

¶ 9        Bennett accepted the underinsured driver's settlement offer and voluntarily dismissed her lawsuit on February 4, 2022.

¶ 10        Bennett made a demand for arbitration of her underinsured motorist claim in February 2023. Country Preferred denied Bennett's claim and filed a complaint for declaratory judgment, seeking a declaration that Bennett was not entitled to underinsured motorist benefits because the policy required her to demand arbitration within two years of the accident.

¶ 11        Bennett counterclaimed, arguing that (i) the time for filing an arbitration demand begins after the underinsured driver's liability was determined and (ii) she complied with the policy as best as possible without a copy of it.

¶ 12        The parties filed cross-motions for summary judgment. Country Preferred argued the policy's plain, unambiguous language controlled, and Bennett had to demand arbitration within two years of the date of the accident. Bennett contended that two provisions raising arbitration conflicted and that the more reasonable interpretation requires a breakdown of settlement negotiations over an underinsured motorist claim as a condition precedent to an arbitration demand. Bennett also asserted that if both her and Country Preferred's policy interpretations are reasonable, the court should adopt hers because courts strictly construe ambiguity against the insurer.

¶ 13        The trial court granted partial summary judgment for Country Preferred, finding that the policy unambiguously required Bennett to demand arbitration within two years of the date of the accident, which she failed to meet. The court rejected Bennett's contention that a

"breakdown of settlement negotiations" was a condition precedent for making an arbitration demand. The court found that the policy language does not support Bennett's interpretation, and Bennett cited no authority to support it.

¶ 14    The trial court did not dismiss the case, noting that Bennett's counterclaim alleged she never received a copy of the policy before Country Preferred filed its declaratory judgment complaint and finding she could not be charged with notice of the two-year limitation period if she was prevented from reading it. Country Preferred then presented unrefuted evidence that it provided Bennett with a copy of her policy at its inception and with each renewal, and the trial court entered summary judgment for Country Preferred.

¶ 15                                    Analysis

¶ 16    Bennett argues that the policy is ambiguous on the timeframe for demanding arbitration. Under the arbitration clause, an arbitration proceeding must commence within two years of the date of the accident. In contrast, the underinsured motorist clause states that an insured must be aware of a dispute before issuing a written arbitration demand. Bennett contends these provisions are contradictory, suggesting that the time for filing an arbitration demand did not begin to run until the underinsured motorist's liability was determined. She asserts that a "reasonable interpretation" of the policy requires an arbitration demand once settlement negotiations reach an impasse.

¶ 17                              Standard of Review

¶ 18    We review the trial court's ruling on summary judgment constructing an insurance policy *de novo*. *Sproull v. State Farm Fire & Casualty Co.*, 2021 IL 126446, ¶ 19. When parties file cross-motions for summary judgment, they concede the absence of a genuine issue of fact and

invite the court to decide the questions presented as a matter of law. *Continental Casualty Co., v. Law Offices of Melvin James Kaplan*, 345 Ill. App. 3d 34, 37 (2003).

¶ 19                                            Policy Language

¶ 20        When the terms of an insurance policy are reasonably "susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy." *Baxter International, Inc. v. American Guarantee & Liability Ins. Co.*, 369 Ill. App. 3d 700, 703 (2006). But if the policy is clear, courts apply it as written and will not search for "ambiguity where none exists." *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). Courts give policy terms their plain and ordinary meaning. *American States Ins. Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997).

¶ 21        The arbitration clause here states, "Any suit, action or arbitration will be barred unless commenced within two years from the date of the accident. Arbitration proceedings will not commence until we receive your written demand for arbitration." Country Preferred contends that this language unambiguously required Bennett to provide a written demand for arbitration within two years of the accident.

¶ 22        Country Preferred relies on several cases where the court upheld similar arbitration provisions in insurance policies, including *Country Preferred Ins. Co. v. Whitehead*, 2012 IL 113365. In *Whitehead*, the Illinois Supreme Court reviewed the same arbitration clause as here. The accident occurred in Wisconsin, which had a three-year statute of limitations for insurance claims. The court held that Illinois's two-year requirement did not violate Illinois public policy and that Wisconsin law did not overrule the contractual agreement. *Id*. ¶ 39.

¶ 23        A similar case is *Maier v. CC Services, Inc.*, 2019 Ill. App (3d) 170640, which also involved a plaintiff struck by an underinsured motorist who settled with the underinsured

motorist for an amount that did not fully cover damages. The plaintiff sued the insurer nearly three years after the accident. The insurer moved to dismiss, arguing that the claim was time-barred because the plaintiff failed to demand arbitration timely. The trial court agreed, and we affirmed. *Maier*, 2019 Ill. App (3d) 170640 ¶ 40.

¶ 24 The *Maier* court observed that had the insured acted with reasonable diligence she could have made a claim and filed proof of loss while still negotiating with the underinsured motorist's insurer. That would have allowed the insurance company to evaluate its exposure, and the two-year deadline to demand arbitration would have been tolled. *Id*.

¶ 25 Country Preferred cites additional cases to show that the responsibility lies with the insured to act within two years and request arbitration, regardless of other provisions in the policy. See *Hannigan v. Country Mutual Ins. Co*., 264 Ill. App. 3d 336 (1994); *Shelton v. Country Mutual Ins. Co*., 161 Ill. App. 3d 652 (1987); *Parish v. Country Mutual Ins. Co.*, 351 Ill. App. 3d 693 (2004); *Wancho v. Country Mutual Ins. Co.*, 275 Ill. App. 3d 936 (1995).

¶ 26 Bennett, however, argues that the arbitration clauses conflict. The underinsured motorist provision requires written demand for arbitration only in the event an agreement cannot be reached on liability or damages: "[i]f we and an insured disagree over whether that insured is legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle, or if an agreement cannot be reached on the amount of the damages, the insured must make a written demand for arbitration." Bennett contends that "a reasonable interpretation" means the insured "must" wait until a disagreement on liability or damages before making a demand.

¶ 27 Bennett further asserts that under Country Preferred's reading, any demand within two years is invalid if the parties have not yet disagreed on liability or damages. This would leave

the insured in a catch-22 where a second demand, made following an impasse after two years, would be too late. This interpretation strays from the plain language of the policy and introduces unnecessary complexity. *Pekin Ins. Co. v. Estate of Goben*, 303 Ill. App. 3d 639, 646 (1999) (in determining ambiguity in insurance policy, courts look to whether provision is subject to more than one reasonable interpretation, not existence of creative possibilities).

¶ 28 Bennett hired an attorney to handle the underinsured motorist claim. That attorney could have advised her to follow the guidance in *Maier* and request arbitration within two years regardless of whether the parties disagreed. Instead, she waited more than four years after the accident to make her demand, well beyond the policy's two-year limit.

¶ 29 Bennett does not cite cases to support her contention that the arbitration provision is ambiguous or violates public policy. She argues generally that an insurance policy should be viewed as a whole, and is ambiguous if it is open to multiple interpretations. *Founders Ins. Co. v. Munoz,* 237 Ill. 2d 424, 433 (2010). Here, though, the arbitration clause language unambiguously states that an insured must initiate arbitration by written demand within two years of the accident. Failure to do so bars the insured from proceeding to arbitration.

¶ 30 Bennett claims that a "reasonable interpretation" suggests the insured "must" wait to make a written demand for arbitration until there is no agreement on liability or damages. But the policy states otherwise—in the event of a disagreement between the insurer and the insured, the insured must make a written demand for arbitration to resolve the dispute. The arbitration clause then directs the insured (i) to demand in writing and (ii) within two years of an accident. The two sentences can be read together and do not conflict. The trial court properly granted summary judgment.

¶ 31 Affirmed.